IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARINOR ASSOCIATES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-1868 |
| M/V PANAMA EXPRESS, her engines, boilers, etc. *in rem*, PRIMERA MARITIME (HELLAS) LTD., SLADE SHIPPING, INC., FOREIGN TRADE EXPORT PACKING CO. INC., RICKMERS-LINIE GMBH CIE KG, and RICKMERS-LINIE (AMERICA), INC., *in personam*, | § § § § § § § § § | |
| Defendants. | § | |

<u>ORDER</u>

Pending is Plaintiff Marinor Associates, Inc.'s Motion to Dismiss without Prejudice Rickmers-Linie GmbH & CIE KG (Document No. 128). After carefully considering the motion, response, and the applicable law, and having heard and considered the oral arguments of counsel, the Court concludes that the motion should be conditionally granted.

Marinor Associates, Inc. ("Marinor") filed suit against Rickmers-Linie GmbH and CIE KG ("Rickmers") both in this Court and in Hamburg, Germany, to recover damages for riser joints that were lost and damaged during their ocean carriage aboard the M/V Panama Express. Marinor named five Defendants in the suit here, including Rickmers; and it filed the suit in Germany only against Rickmers to comply with the mandatory choice of forum and choice of law clause

in Rickmers's Bill of Lading. Last year Marinor successfully achieved settlements with two defendants, and a third won dismissal by summary judgment on February 18, 2011, which left Primera Maritime (Hellas) Ltd. ("Primera") and Rickmers as the two remaining defendants. Subsequently, about March 17, 2011, Primera settled with Marinor, which left Rickmers as the sole remaining defendant. The next day, Marinor filed the pending motion for voluntary dismissal without prejudice, asserting that it plans to pursue only the ongoing case in Germany. Marinor contends that Rickmers is not prejudiced by dismissal because the discovery conducted in this case "has served to benefit both parties in both this litigation and the German Litigation."[1]

Rickmers concedes that the extensive discovery conducted in this case has also been of benefit to the parties in the German litigation, but opposes dismissal of this case because Rickmers has expended significant time and resources preparing for possible trial here next month, and asks the Court either (1) to deny the motion entirely, or (2) to condition the dismissal on an award of attorneys' fees and costs to Rickmers.

Federal Rule of Civil Procedure 41(a)(2) permits voluntary dismissal only "upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without

---

[1] Document No. 132 at 5.

2

prejudice." While the decision is within the Court's discretion, a requested dismissal ordinarily should be granted. United States v. Dow Chem. Co., 343 F.3d 325, 329 (5th Cir. 2003). "[M]otions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002). A dismissal should not be granted when the result will be to prejudice another party. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). Ordinary costs of litigation, and wanting to avoid a second lawsuit, do not constitute prejudice. Manshack v. Sw. Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). However, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant voluntary dismissal." Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360. Further, the court may impose reasonable conditions on dismissal. See Robles v. Atl. Sounding Co., Inc., 77 F. App'x 274, 276 & n.1 (5th Cir. 2003) (unpublished op.) (affirming voluntary dismissal with conditions on refiling); see also Yoffe v. Keller Ind., Inc., 582 F.2d 982, 984 (5th Cir. 1978) (conditioning a voluntary dismissal on the award of attorney fees and costs).

Rickmers is a German company, and Marinor's claims against Rickmers depend on Rickmers's Bill of Lading, which by its terms provides that "any claim or dispute arising on this Bill of Lading shall be governed by the law of the Federal Republic of Germany and determined in the Hamburg courts to the exclusion of the jurisdiction of the courts of any other place." Rickmers's Bill of Lading, clause 25. Rickmers, however, never asserted the foregoing clause as a contractual bar to being sued in this Court simultaneously with Marinor's pursuit of litigation on the same claim against Rickmers in the courts of Hamburg, Germany.

Marinor's declared reason for filing suit here--to obtain jurisdiction over the other Defendants potentially liable to Marinor--is plausible, as is Marinor's contention that with all other Defendants having settled, there is no longer any reason to continue duplicative litigation on the same claim both here and in Hamburg, Germany. Although Rickmers has prepared to proceed to trial in this Court as early as next month following a docket call set on April 5, 2011, Rickmers discloses that a final judgment in this Court may not be fully dispositive and that final resolution of the controversy still may have to await decision by the courts in Germany. Moreover, Rickmers has expressed no concern about being subjected to a new suit being filed by Marinor on this claim in this Court or elsewhere in the United States; indeed, Marinor has proposed as a condition for dismissal that it be precluded from

filing suit again on this claim against Rickmers in the United States.

The Court recognizes that Rickmers has expended funds in recent weeks and months specifically preparing for trial in this Court, but that would appear to be a cost borne by both parties, not just one. The fact that Rickmers never sought to be dismissed from this case based on the mandatory forum selection clause in its own Bill of Lading tends to mitigate its complaint about incurring litigation costs here. Moreover, a trial in Houston now may only add to wasted costs if, as Rickmers has suggested, a final judgment in this Court still may not bring finality to the controversy, which remains in contest in Germany, where Rickmers is chartered.

It appears that Marinor moved promptly for dismissal of Rickmers as soon as its lead counsel in this case was informed that settlement had been reached between the principals for Primera and Marinor. Rickmers complains that Marinor and Primera could have settled their dispute on similar terms several weeks earlier either at or just after conclusion of a mediation, but the Court finds no evidence that Marinor engaged in any gamesmanship or manipulation in reaching the Primera settlement that prompted the present motion. Indeed, Rickmers concedes that there had been prior discussion about the possibility of Marinor dismissing this case against Rickmers in favor of the German litigation if settlements were achieved between Marinor and all other Defendants.

Under the totality of the circumstances, the Court finds that Rickmers will suffer no plain legal prejudice, not even "the mere prospect of a second lawsuit," if this case is dismissed without prejudice upon condition that Marinor not file another lawsuit against Rickmers on this claim in any court of the United States. Moreover, the interest of justice is served, and scarce judicial resources are conserved, by proceeding in one rather than in two different courts in two different countries.  This is especially true where there lurks a recognized possibility that a final judgment here may not be dispositive on all issues and that full resolution of the controversy may still require a decision by the German courts.  Accordingly, it is

ORDERED that Plaintiff Marinor Associates, Inc.'s Motion to Dismiss without Prejudice Rickmers-Linie GmbH & CIE KG (Document No. 128), is GRANTED, on condition that Marinor not file another suit against Rickmers on the claims made the basis of this case in any court of the United States.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 29TH day of March, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE